IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> CHARLES LIEF ISAACSON, <br><br> Defendant. | CR 23-23-M-DWM <br><br><br> ORDER |

On June 28, 2023, Defendant Charles Lief Isaacson pled guilty to the offense of receiving child pornography in violation of 18 U.S.C. § 2252(a)(2) as charged in Count 2 of the Indictment. (*See* Docs. 1, 20.) On July 14, 2023, the Court received a pro se letter from Isaacson, requesting that he be permitted to withdraw his plea and that he be assigned new defense counsel. (Doc. 25.) For the reasons stated below, Isaacson's pro se requests are denied.

A defendant may withdraw his guilty plea "after the court accepts the plea, but before it imposes sentence if[] . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "Although this standard is liberal, it must be consistent with Rule 11's purpose of ensuring some finality at the time pleas are accepted." *United States v. Minasyan*, 4 F.4th 770, 778 (9th Cir. 2021) (internal quotation marks omitted). Accordingly, "once the

1

plea is accepted, permitting withdrawal is, as it ought to be, the exception, not an automatic right." *Id.* (internal quotation marks and alteration omitted). The defendant has the burden to show a permissible reason to withdraw his plea, such as "inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *Id.* (internal quotation marks omitted). No such showing has been made here.

Isaacson first argues that he was in "absolute duress the day of the hearing due to not being able to take [his] heart blood pressure medication the night before and the day of the hearing, which impaired [his] thinking and ability to answer correctly and effectively." (Doc. 25 at 1.) This rationale neither invokes one of the reasons identified above nor renders his plea involuntary. During the plea colloquy, the Court specifically asked Isaacson if he was being treated for any medical conditions and, when Isaacson said he had heart issues, the Court followed up by asking about his medication. (*See* Doc. 28 at 7–9.) Isaacson identified his medication and stated that he had not received it that morning. (*Id.* at 8.) This exchange followed:

> COURT: So what happens if you don't take the medicine? Does it impact your ability to understand things?
>
> DEFENDANT: It can. It makes me dizzy and nauseous, and without

2

| | |
|---|---|
| | taking it, I would probably end up having a heart attack. |
| COURT: | So what's the situation as you stand here now? Are you feeling nauseous or dizzy? |
| DEFENDANT: | I am both, but I'm okay to proceed. |
| COURT: | Well, you and [defense counsel] can be seated. . . . So if at any point during the proceeding you feel like you need to take five or to talk to [your attorney], all you have to do is tell me and I'll give you whatever time you need. Understood? |
| DEFENDANT: | Thank you, Your Honor. |

(*Id.* at 8–9.) Although Isaacson stated that he had not received his medication, he confirmed that he was "okay to proceed" and that the lack of his medication was not affecting his decision to plead guilty. *See United States v. Carter*, 795 F.3d 947, 952 (9th Cir. 2015) (holding that "district courts may rely on defendants' answers to their inquiries as well as their observations of defendants during the [plea] hearing" in assessing the influence of medications).

Isaacson's performance during the rest of the plea hearing further supports the conclusion that he was competent and physically able to proceed. Isaacson was not only responsive to the Court's inquiries, but often elaborated on his answers. (*See, e.g.*, 6–7 (discussing the specific tasks associated with his work history), 20

3

(explaining the facts underlying his previous felony charge), 36 (correcting the record regarding which application he used to access the child pornography).) And, even when his answers were short and/or simple, they were consistent with affirming his understanding of what he was being told or indicating that he had no further questions for the Court. Thus, Isaacson's medical condition does not provide a basis to withdraw his plea.

Isaacson's pro se filing further focuses on his desire to be released on his own recognizance. However, the signed plea agreement explicitly states that "[t]he defendant acknowledges that he will be detained pending sentencing." (Doc. 20 at 11.) That page has Isaacson's initials on it, which Isaacson confirmed during the plea colloquy means that he read, understood, and agreed with everything on that page and asked his counsel questions if he had any. (*See* Doc. 28 at 19.) Thus, Isaacson knowingly agreed to detention following his plea.

Finally, Isaacson argues that he should be permitted to withdraw his plea and be assigned new counsel on the basis that defense counsel is disinterested in the case and has refused to answer any of his questions or fight for his innocence. This allegation is once again belied by the record. During his change of plea hearing, the Court asked Isaacson no less than four times if he was satisfied with counsel's representation. (*See, e.g., id.* at 9, 11–12, 15, 18–19.) Each time Isaacson answered in the affirmative. In those same exchanges, the Court also asked

4

Isaacson whether he had been able to communicate with defense counsel and whether he needed more time to discuss anything with defense counsel. (*See id.*) The Court also asked Isaacson if "anybody force[d]" him into taking the plea or if anyone made any promises outside the agreement or made any threats against him. (*See id.* at 19–20.) Isaacson answered each of those inquiries in the negative. *See United States v. Reed*, 859 F.3d 468, 471 (7th Cir. 2017) (describing such statements as not "trifles" that the defendant could just "elect to ignore"). Thus, there is no indication from the change of plea record that Isaacson's plea was not voluntary, knowing, and intelligent. And because Isaacson's current complaints are contradicted by his sworn statements at his Rule 11 hearing, no further hearing is required. *See United States v. Collins*, 796 F.3d 829, 834 (7th Cir. 2015) ("Moving to withdraw the plea does not entitle a defendant to a hearing.").

Moreover, in response to Isaacson's pro se filing, defense counsel filed an affidavit outlining their plea communications. (*See* Doc. 27.) Without getting into the specifics of the attorney-client exchange, that affidavit shows counsel's effort to provide Isaacson with the necessary discovery and plea information so that he could make an informed decision about how to proceed. (*See id.*) And, other than Isaacson's eleventh-hour pro se filing, there is no indication that an irreconcilable conflict exists between client and counsel. *See United States v. Adelzo-Gonzalez*, 268 F.3d 772, 777 (9th Cir. 2001). To the contrary, the record outlined above

shows consistent communication and that, at the time he changed his plea, Isaacson had no "complaints" about counsel's performance.[1] (Doc. 28 at 12.) Moreover, "[i]ndigent defendants have a constitutional right to effective counsel, but not to have a specific lawyer appointed by the court and paid for by the public." *United States v. Rivera-Corona*, 618 F.3d 976, 979 (9th Cir. 2010). Thus, while Isaacson may want a different attorney, "[t]hose who do not have the means to hire their own lawyers have no cognizable complaint so long as they are adequately represented by attorneys appointed by the courts." *Id.* (internal quotation marks omitted).

Based on the foregoing, IT IS ORDERED that Isaacson's pro se requests to withdraw his plea and for appointment of new counsel (Doc. 25) are DENIED.

DATED this 2nd day of August, 2023.

_____
Donald W. Molloy, District Judge
United States District Court

---

[1] Notably, Isaacson's letter is very similar to a recent pro se motion to withdraw plea/request for new counsel that was filed in another case. The similarities between the cases and the fact both defendants are being detained locally and on similar charges indicate that the partial success of that prior motion may have inspired Isaacson's attempt at jail-house lawyering here. Although this does not alter the relevant legal standards for plea withdrawal or attorney substitution, it diminishes the veracity of Isaacson's current complaints when weighed against the record as a whole.